UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

```
-------------------------------------------------------x
ULTRASONIC POWER CORPORATION,         )
                                      )
            Plaintiff/Counterclaim Defendant, )
                                      )
    v.                                )
                                      )
CREST ULTRASONICS CORPORATION,        )
                                      )
            Defendant/Counterclaim Plaintiff. )
                                      )
-------------------------------------------------------x
```

No.: 07-CV-50220

**ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS OF CREST
ULTRASONICS CORPORATION**

Defendant, Crest Ultrasonics Corp., a New Jersey corporation (hereinafter

"Defendant"), by and through its undersigned attorneys, submits the following Answer,

Affirmative Defenses and Counterclaims to the Amended Complaint of Plaintiff

Ultrasonic Power Corporation (hereinafter "Plaintiff"):

### THE PARTIES

1: "UPC is an Illinois corporation having a principal place of business located
239 E. Stephenson Street, Freeport, Illinois 61032."

1.    Defendant is presently without knowledge or information sufficient to

form a belief as to the truth of the allegations of Paragraph 1 of the Amended Complaint

and therefore denies same.

2: "Upon information and belief, Crest is a New Jersey corporation having a
principal place of business at P.O. Box 7266 Scotch Road, Trenton, New Jersey
08628."

2.    Defendant admits the allegations of Paragraph 2 of the Amended

Complaint.

### NATURE OF THE ACTION

3: "This is an action for trademark infringement under the Trademark Act of
1946, as amended (The Lanham Act, 15 U.S.C. § 1051 et seq.), false designation

of origin under the Trademark Act of 1946, as amended (The Lanham Act, 15
U.S.C. § 1051 et seq.), unfair trade practices under the Illinois Uniform
Deceptive Trade Practices Act (815 I.L.C.S. § 510/1 et. seq.), and trademark
infringement under the common law of the State of Illinois."

3.      Paragraph 3 summarizes Plaintiff's asserted causes of action but makes no

allegation of fact to which a response by Defendant is required.

4: "This Complaint generally avers that Crest has infringed, has represented a
false designation of origin, and has engaged in unfair trade practices with
respect to United States Trademark Registration No. 1,347,440 for the VIBRA-
BAR mark and United States Trademark Registration No. 3,279,300 for the
SIMULTANEOUS MULTI-FREQUENCY mark, each owned by UPC, and that
the matter in controversy exceeds the sum or value of $75,000, exclusive of
interest and costs"

4.      Defendant denies all the allegations of Paragraph 4 of the Amended

Complaint.

## JURISDICTION AND VENUE

5: "This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121
(actions arising under 15 U.S.C., Chapter 22 - Trademarks), 28 U.S.C. §1331
(federal question), 28 U.S.C. § 1332 (diversity of citizenship), 28 U.S.C. §
1338(a) (acts of Congress relating to trademarks), 28 U.S.C. §1338(b) (pendent
unfair competition claims), and 28 U.S.C. § 1367 (supplemental jurisdiction)."

5.      Paragraph 5 states only a legal conclusion to which no response by

Defendant is required.  To the extent a response is required, Defendant does not contest

this Court's exercise of personal jurisdiction over it under extant law.

6: "This Court has personal jurisdiction over Crest because the injury of
trademark infringement will be felt mainly in Illinois where UPC; is located,
because Crest has a sales office in the state of Illinois, and because Crest solicits
electronic mail price quote requests for ultrasonic cleaning systems, including
transducers and tanks, from customers in Illinois through their website on the
Internet at http://www.crest-ultrasonics.com."

6.      Defendant admits that the Court has personal jurisdiction but is presently

without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of Paragraph 6 of the Amended Complaint and therefore denies

same.

7: "Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claim have occurred in this District, a substantial part of the property that is the subject of the action is situated in this District, and because Crest is subject to personal jurisdiction in this District at the time the action was commenced."

7.     Defendant admits that this Court is a proper venue for this action under extant law, but Defendant reserves its right to seek transfer to a more convenient federal venue by appropriate motion.

<u>**COUNT ONE**</u>
**(Infringement of Trademark**
**Registration No. 1,347,440**
**In Violation of 15 U.S.C. § 1114)**

8: "UPC hereby re-alleges and incorporates by reference the allegations of paragraphs 1 through 7 of this Complaint as if fully set forth herein."

8.     Defendant repeats and reasserts its responses to paragraphs 1 through 7 of the Amended Complaint as if fully set forth herein.

9: "UPC is the owner and registrant of United States Trademark Registration No. 1,347,440, registered July 9, 1985, for the VIBRA-BAR mark for ultrasonic cleaning system- components, namely transducers and tanks, a copy of which is attached hereto as Exhibit A."

9.     Defendant denies all the allegations of Paragraph 9 of the Amended Complaint, except Defendant admits that the United States Patent and Trademark Office's records reflect that Plaintiff is the purported owner and registrant of United States Trademark Registration No. 1,347,440 registered July 9, 1985, of VIBRA-BAR for ultrasonic cleaning system components, transducers and tanks.  As later averred in this pleading, Defendant believes that said registration, ownership, and related rights are invalid as a result of fraudulent procurement by Plaintiff.

10: "The United States Trademark Registration for the VIBRA-BAR mark is now valid, subsisting, uncanceled, and unrevoked."

10.     Defendant denies all the allegations of Paragraph 10 of the Amended Complaint, except Defendant admits that the records of the United States Patent and

Trademark Office reflect that the registration is subsisting, uncanceled and unrevoked.

As later averred in this pleading, Defendant believes that said registration is invalid as a

result of fraudulent procurement by Plaintiff.

> 11: "The United States Trademark Registration for the VIBRA-BAR mark has
> achieved incontestable status under 15 U.S.C. § 1065."

11.     Defendant denies all the allegations of Paragraph 11 of the Amended

Complaint, except Defendant admits that the records of the United States Patent and

Trademark Office reflect that the registration has become incontestable.  As later averred

in this pleading, Defendant believes that such incontestable status was achieved

fraudulently and thus is invalid.

> 12: "Continuously since about March of 1972, UPC has used its VIBRA-BAR
> mark in interstate commerce in connection with and to identify its ultrasonic
> cleaning system components and to distinguish those components from similar
> products offered by other companies by, without limitation, prominently
> displaying the mark with or on the ultrasonic cleaning components, prominently
> displaying the mark on the UPC website in connection with the ultrasonic
> cleaning components, and using the mark on advertising and promotional
> materials for the ultrasonic cleaning components distributed throughout the
> United States."

12.     Defendant is presently without knowledge or information sufficient to

form a belief as to the truth of the allegations of Paragraph 12 of the Amended Complaint

and therefore denies same.

> 13: "The ultrasonic cleaning system components sold under the VIBRA-BAR
> mark are provided nationwide, including in the State of Illinois."

13.     Defendant is presently without knowledge or information sufficient to

form a belief as to the truth of the allegations of Paragraph 13 of the Amended Complaint

and therefore denies same.

> 14: "As of the date of the filing of this Complaint, UPC is actively engaged in
> marketing and promoting the VIBRA-BAR mark in connection with ultrasonic
> cleaning components in interstate commerce through various means, including a
> website owned and controlled by UPC located at http://www.upcorp.com on the
> Internet."

14.     Defendant is presently without knowledge or information sufficient to

form a belief as to the truth of the allegations of Paragraph 14 of the Amended Complaint

and therefore denies same.

> 15: "Upon information and belief, Crest has used and is using the VIBRA-BAR mark of UPC in commerce in connection with ultrasonic cleaning systems and/or components, including but not limited to a transducer offered by Crest."

15.     Defendant admits the allegations of Paragraph 15 of the Amended

Complaint.

> 16: "At least one instance of Crest's use of the VIBRA-BAR mark is depicted in webpages from the Crest website at http://www.crest-ultrasonics.com on the Internet dated October 18, 2007, which are attached hereto as Exhibit B."

16.     Defendant admits the allegations of Paragraph 16 of the Amended

Complaint, except Defendant denies that VIBRA-BAR is owned by Plaintiff.

> 17: "Upon information and belief, Crest has used and is currently using the VIBRA-BAR mark of UPC, or a reproduction, counterfeit, copy or colorable imitation thereof, in connection with the sale, offering for sale, distribution, or advertising of an ultrasonic cleaning system, and components thereof including a transducer, in a manner that is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114."

17.     Defendant denies all the allegations of Paragraph 17 of the Amended

Complaint, except Defendant admits that it is using VIBRA-BAR in connection with its

ultrasonic cleaning products.

> 18: "Upon information and belief, Crest has reproduced, counterfeited, copied, or colorably imitated the V1BRA-BAR mark of UPC and applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, pizzas, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of an ultrasonic cleaning system, and components thereof including a transducer, in a manner that is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114."

18.     Defendant denies all the allegations of Paragraph 18 of the Amended

Complaint.

19: "Crest's use of the VIBRA-BAR mark of UPC is without the consent, authorization or permission of UPC."

19.    Defendant admits that it is using VIBRA-BAR without the consent,

authorization or permission of Plaintiff, but Defendant denies that such consent is

necessary and denies that Defendant has used Plaintiff's mark.

20: "UPC's registration of the VIBRA-BAR mark on the principal register for ultrasonic cleaning system components provides constructive notice of UPC's claim of ownership of the mark pursuant to 15 U.S.C. § 1072."

20.    Defendant denies all the allegations of Paragraph 20 of the Amended

Complaint, but admits that a valid registration would provide constructive notice pursuant

to 15 U.S.C. § 1072.

21: "In addition to the constructive notice noted above, UPC has also used the ® designation to give notice of the federal registration of the VIBRA-BAR mark for ultrasonic cleaning system components pursuant to 15 U.S.C. § 1111."

21.    Defendant is presently without knowledge or information sufficient to

form a belief as to the truth of the allegations of Paragraph 21 of the Amended Complaint

and therefore denies same.

22: "Crest's use of the VIBRA-BAR mark in connection with ultrasonic cleaning system components has occurred notwithstanding UPC's well-known and prior established rights in the marks and with constructive notice of UPC's federal registration rights."

22.    Defendant denies all the allegations of Paragraph 22 of the Amended

Complaint.

23: "Crest has willfully and in bad faith infringed the VIBRA-BAR mark of UPC in interstate commerce by the various acts as complained of above."

23.    Defendant denies all the allegations of Paragraph 23 of the Amended

Complaint.

24: "Crest's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to UPC's business, reputation and good will in its federally registered VIBRA-BAR trademark.  UPC has no adequate remedy at law."

24.    Defendant denies all the allegations of Paragraph 24 of the Amended

Complaint.

## COUNT TWO
### (Infringement of Trademark
### Registration No. 3,279,300
### In Violation of 15 U.S.C. § 1114)

25:  "UPC hereby re-alleges and incorporates by reference the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein."

25.    Defendant repeats and reasserts its responses to Paragraphs 1 through 24

of the Amended Complaint as if fully set forth herein.

26:  "UPC is the owner and registrant of United States Trademark Registration No. 3,279,300, registered August 14, 2007, for the SIMULTANEOUS MULTI-FREQUENCY mark for ultrasonic cleaning systems comprising ultrasonic generators, cleaning tasks, and ultrasonic transducers, a copy of which is attached hereto as Exhibit C."

26.    Defendant denies all the allegations of Paragraph 26 of the Amended

Complaint, except Defendant admits that that the United States Patent and Trademark

Office's records reflect that Plaintiff is the owner and registrant of United States

Trademark Registration No. 3,279,300, registered August 14, 2007, for

SIMULTANEOUS MULTI-FREQUENCY for ultrasonic cleaning products comprising

ultrasonic generators, cleaning tanks, and ultrasonic transducers.  As later averred in this

pleading, Defendant believes that said registration, ownership and related rights are

invalid as a result of fraudulent procurement by Plaintiff.

27:  "The United States Trademark Registration for the SIMULTANEOUS MULTI-FREQUENCY marls is now valid, subsisting, uncanceled, and unrevoked."

27.    Defendant denies all the allegations of Paragraph 27 of the Amended

Complaint, except Defendant admits that the records of the United States Patent and

Trademark Office reflect that the registration is subsisting, uncanceled and unrevoked.

As later averred in this pleading, Defendant believes that said registration is invalid as a result of fraudulent procurement by Plaintiff.

> 28: "Continuously since about October, 15, 1982, UPC has used its SIMULTANEOUS MULTI-FREQUENCY mark in interstate commerce in connection with and to identify its ultrasonic cleaning systems and components thereof, and to distinguish these systems and components from similar products offered by other companies by, without limitation, prominently displaying the mark with or on the ultrasonic cleaning components, prominently displaying the mark on the UPC website in connection with the ultrasonic cleaning components, and using the mark on advertising and promotional materials for ultrasonic cleaning systems and components distributed throughout the United States."

> 28.    Defendant is presently without knowledge or information sufficient to

form a belief as to the truth of the allegations of Paragraph 28 of the Amended Complaint

and therefore denies same.

> 29: "The ultrasonic cleaning systems and components thereof sold under the SIMULTANEOUS MULTI-FREQUENCY mark are provided nationwide, including in the State of Illinois."

> 29.    Defendant is presently without knowledge or information sufficient to

form a belief as to the truth of the allegations of Paragraph 29 of the Amended Complaint

and therefore denies same.

> 30: "As of the date of the filing of this Complaint, UPC is actively engaged in marketing and promoting the SIMULTANEOUS MULTI-FREQUENCY mark in connection with ultrasonic cleaning systems and components thereof in interstate commerce through various means, including a website owned and controlled by UPC located at http://www.upcorp.com on the Internet."

> 30.    Defendant is presently without knowledge or information sufficient to

form a belief as to the truth of the allegations of Paragraph 30 of the Amended Complaint

and therefore denies same.

> 31: "Upon information and belief, Crest has used and is using the SIMULTANEOUS MULTI-FREQUENCY mark of UPC in commerce in connection with ultrasonic cleaning systems and/or components, including but not limited to a transducer offered by Crest."

31.     Defendant denies all the allegations of Paragraph 31 of the Amended

Complaint, except Defendant admits that it is using VIBRA-BAR in connection with its

ultrasonic cleaning products.

> 32: "At least one instance of Crest's use of the SIMULTANEOUS MULTI-
> FREQUENCY mark is depicted in a Crest product brochure, which is attached
> hereto as Exhibit C."

32.     Defendant denies the allegations of Paragraph 32 of the Amended

Complaint and notes that Exhibit C to the Amended Complaint is a copy of the trademark

registration identified in Paragraph 26.

> 33: "Upon information and belief, Crest has used and is currently using the
> SIMULTANEOUS MULTI FREQUENCY mark of UPC, or a reproduction,
> counterfeit, copy or colorable imitation thereof, in connection with the sale,
> offering for sale, distribution; or advertising of an ultrasonic cleaning system, and
> components thereof including a transducer, in a manner that is likely to cause
> confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1114."

33.     Defendant denies all the allegations of Paragraph 33 of the Amended

Complaint, except Defendant admits that it is using VIBRA-BAR in connection with its

ultrasonic cleaning products..

> 34: "Upon information and belief, Crest has reproduced, counterfeited, copied, or
> colorably imitated the SIMULTANEOUS MULTI-FREQUENCY mark of UPC
> and applied such reproduction, counterfeit, copy, or colorable imitation to labels,
> signs, prints, packages, wrappers, receptacles or advertisements intended to be
> used in commerce upon or in connection with the sale, offering for sale,
> distribution, or advertising of an ultrasonic cleaning system, and components
> thereof including a transducer, in a manner that is likely to cause confusion, or to
> cause mistake, or to deceive in violation of 15 U.S.C. § 1114."

34.     Defendant denies all the allegations of Paragraph 34 of the Amended

Complaint.

> 35: "Crest's use of the SIMULTANEOUS MULTI-FREQUENCY mark of UPC
> is without the consent, authorization or permission of UPC."

35.     Defendant admits that it is using SIMULTANEOUS MULTI-

FREQUENCY without the consent, authorization or permission of Plaintiff, but

Defendant denies that such consent is necessary and denies that Defendant has used

Plaintiff's mark.

> 36: "UPC's registration of the SIMULTANEOUS MULTI-FREQUENCY mark
> on the principal register for ultrasonic cleaning systems provides constructive
> notice of UPC's claim of ownership of the mark pursuant to 15 U.S.C. § 1072."

> 36.    Defendant denies all the allegations of Paragraph 36 of the Amended

Complaint, but admits that a valid registration would provide constructive notice pursuant

to 15 U.S.C. § 1072.

> 37: "Crest's use of the SIMULTANEOUS MULTI-FREQUENCY mark in
> connection with ultrasonic cleaning systems and components thereof has
> occurrednotwithstanding UPC's well-known and prior established rights in the
> mark and with constructive notice of UPC's federal registration rights."

> 37.    Defendant denies all the allegations of Paragraph 37 of the Amended

Complaint.

> 38: "Crest has willfully and in bad faith infringed the SIMULTANEOUS
> MULTI-FREQUENCY mark of UPC in interstate commerce by the various
> acts as complained of above."

> 38.    Defendant denies all the allegations of Paragraph 38 of the Amended

Complaint.

> 39: "Crest's infringing activities have caused and, unless enjoined by this
> Court, will continue to cause, irreparable injury and other damage to UPC's
> business, reputation and good will in its federally registered SIMULTANEOUS
> MULTI-FREQUENCY trademark. UPC has no adequate remedy at law."

> 39.    Defendant denies all the allegations of Paragraph 39 of the Amended

Complaint.

## COUNT THREE
### (False Designation of Origin
### In Violation of 15 U.S.C. § 1125(a))

> 40: "UPC re-alleges and incorporates by reference the allegations, of paragraphs
> 1 through 39 of this Complaint as if fully set forth herein."

> 40.    Defendant repeats and reasserts its responses to Paragraphs 1 through 39

of the Amended Complaint as if fully set forth herein.

41: "Upon information and belief, Crest has used the VIBRA-BAR marks or designation, or variations thereof, on or in connection with ultrasonic cleaning systems, including components thereof including transducers, in interstate commerce and, in particular, on Crest's website."

41.     Defendant admits the allegations of Paragraph 41 of the Amended

Complaint.

42: "Crest's use of the VIBRA-BAR mark or designation constitutes a false designation of origin and a false or misleading description and representation of fact which is likely to cause initial interest confusion, actual confusion, and mistake, and to deceive as to the affiliation, connection, or association of UPC with Crest and as to the origin, sponsorship, or approval of Crest's products and commercial activities by UPC."

42.     Defendant denies all the allegations of Paragraph 42 of the Amended

Complaint.

43: "Crest's use of the VIBRA-BAR mark of UPC, including the use of the mark on Crest's website, constitutes false advertising, false designation of origin, and false representation in and affecting interstate commerce in violation of 15 U.S.C."

43.     Defendant denies all the allegations of Paragraph 43 of the Amended

Complaint.

44: "Crest's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to UPC's business, reputation and good will in its VIBRA-BAR mark.  Plaintiff has no adequate remedy at law."

44.     Defendant denies all the allegations of Paragraph 44 of the Amended

Complaint.

### COUNT FOUR
**(False Designation of Origin**
**In Violation of 15 U.S.C. § 1125(a))**

45: "UPC re-alleges and incorporates by reference the allegations of paragraphs 1 through 44 of this Complaint as if fully set forth herein."

45.     Defendant repeats and reasserts its responses to Paragraphs 1 through 44

of the Amended Complaint as if fully set forth herein.

46: "Upon information and belief, Crest has used the SIMULTANEOUS MULTI-FREQUENCY mark or designation, or variations thereof, on or in

connection with ultrasonic cleaning systems and components thereof including transducers, in interstate commerce and, in particular, in Crest product brochures."

46.    Defendant admits the allegations of Paragraph 46 of the Amended

Complaint.

47: "Crest's use of the SIMULTANEOUS MULTI-FREQUENCY mark or designation constitutes a false designation of origin and a false or misleading description and representation of fact which is likely to cause initial interest confusion, actual confusion, and mistake, and to deceive as to the affiliation, connection, or association of UPC with Crest and as to the origin, sponsorship, or approval of Crest's products and commercial activities by UPC."

47.    Defendant denies all the allegations of Paragraph 47 of the Amended

Complaint.

48: "Crest's use of the SIMULTANEOUS MULTI-FREQUENCY mark of UPC, including the use of the mark on Crest product brochures, constitutes false advertising, false designation of origin, and false representation in and affecting interstate commerce in violation of 15 U.S.C. § 1125(a)."

48.    Defendant denies all the allegations of Paragraph 48 of the Amended

Complaint.

49: "Crest's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to UPC's business, reputation and good will in its SIMULTANEOUS MULTI-FREQUENCY mark.  Plaintiff has no adequate remedy at law."

49.    Defendant denies all the allegations of Paragraph 49 of the Amended

Complaint.

## COUNT FIVE
### (Violation of Illinois Uniform Deceptive
### Trade Practices Act (815 I.L.C.S. § 510/1 *et. seq.*))

50: "Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 49 of this Complaint as if fully set forth herein."

50.    Defendant repeats and reasserts its responses to Paragraphs 1 through 49

of the Amended Complaint as if fully set forth herein.

51: "Crest's activities alleged herein constitute unfair and deceptive acts and practices in the conduct of its trade and business in violation of the Illinois

Uniform Deceptive Trade Practices Act (815 I.L.C.S. §510/1 *et. seq.)*, in particular section 510/2."

51.    Defendant denies all the allegations of Paragraph 51 of the Amended

Complaint.

52: "Crest's wrongful and deceptive activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to UPC's business, reputation and good will in its VIBRA-BAR and SIMULTANEOUS MULTI-FREQUENCY marks. UPC has no adequate remedy at law."

52.    Defendant denies all the allegations of Paragraph 52 of the Amended

Complaint.

## COUNT SIX
### (Trademark Infringement In Violation
### Of the Common Law of the State of Illinois)

53: "Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 52 of this Complaint as if fully set forth herein."

53.    Defendant repeats and reasserts its responses to Paragraphs 1 through 52

of Amended Complaint as if fully set forth herein.

54: "Crest's activities alleged herein constitute trademark infringement under the common law of the State of Illinois."

54.    Defendant denies all the allegations of Paragraph 54 of the Amended

Complaint.

55: "Crest's infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to UPC's business, reputation and good will in its VIBRA-BAR mark. UPC has no adequate remedy at law."

55.    Defendant denies all the allegations of Paragraph 55 of the Amended

Complaint.

## COUNT SEVEN
### (Trademark Infringement In Violation
### Of the Common Law of the State of Illinois)

56: "Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 55 of this Complaint as if fully set forth herein."

56.     Defendant repeats and reasserts its responses to Paragraphs 1 through 55 of the Amended Complaint as if fully set forth herein.

57: "Crest's activities alleged herein constitute trademark infringement under the common law of the State of Illinois."

57.     Defendant denies all the allegations of Paragraph 57 of the Amended Complaint.

58: "Crest's infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to UPC's business, reputation and good will in its SIMULTANEOUS MULTI-FREQUENCY mark.  UPC has no adequate remedy at law."

58.     Defendant denies all the allegations of Paragraph 58 of the Amended Complaint.

59.     Defendant denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief, including Paragraphs A through F thereof.

60.     Defendant denies each and every allegation set forth in the Amended Complaint that it has not expressly and specifically admitted in its Answer above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by the doctrines of laches and acquiescence.

### FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff, through its statements and other conduct, has abandoned SIMULTANEOUS MULTI-FREQUENCY by knowingly allowing "SIMULTANEOUS MULTI-FREQUENCY" to be used by third parties which has caused it to lose its significance as a source of origin.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because it has suffered no detriment, injury or damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred in whole or in part by Plaintiff's failure to mitigate its damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages in its trademark and unfair competition claims are limited by Plaintiff's failure to give notice of its claim to trademark rights.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages in its trademark and unfair competition claims are limited by the doctrine of unclean hands arising from Plaintiff's false statements in its application for federal trademark registrations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred pursuant to 15 U.S.C. § 1115(b)(5) because Defendant's use of VIBRA-BAR was adopted prior to Plaintiff's existence and without knowledge of Plaintiff's use and has been continuously used by Defendant from a date prior to the date of registration of VIBRA-BAR by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred pursuant to 15 U.S.C. § 1115(b)(5) because Defendant's use of SIMULTANEOUS MULTI-FREQUENCY was adopted prior to Plaintiff's existence and without knowledge of Plaintiff's use and has been continuously used by Defendant from a date prior to the date of registration of SIMULTANEOUS MULTI-FREQUENCY by Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred because SIMULTAENOUS MULTI-FREQUENCY is a merely descriptive term and thus not subject to trademark protection.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no right in the SIMULTANEOUS MULTI-FREQUENCY registration pursuant to 15 U.S.C. 1115(b)(1) because it was obtained through fraud on the United States Patent and Trademark Office as set forth in detail in Defendant's Counterclaims below.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no right in the VIBRA-BAR registration pursuant to 15 U.S.C. 1115(b)(1) because it was obtained through fraud on the United States Patent and Trademark Office as set forth in detail in Defendant's Counterclaims below.

## DEFENDANT'S PRAYER

WHEREFORE, having fully answered, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff; dismiss the Amended Complaint in its entirety with prejudice; award Defendant its taxable costs, including reasonable

attorneys' fees incurred herein; and grant it such other and further relief as the Court deems just and proper under the circumstances.

## DEFENDANT'S COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Crest Ultrasonics Corp., a New Jersey corporation (hereinafter "Crest") brings this counterclaim against Plaintiff/Counterclaim Defendant Ultrasonic Power Corporation (hereinafter "UPC") seeking cancellation of the trademark registrations that UPC has asserted in this litigation and a declaration that UPC does not have any valid statutory or common law trademark rights in both VIBRA-BAR and SIMULTANEOUS MULTI-FREQUENCY and that Crest has not infringed any trademark rights that UPC may possess.

## THE PARTIES

1.     Crest is a corporation organized and existing under the laws of New Jersey with a principal place of business at P.O. Box 7266 Scotch Road, Trenton, New Jersey 08628.

2.     UPC is a corporation organized and existing under the law of Illinois with a principal place of business at 239 E. Stephenson Street, Freeport, Illinois 61032.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338, 1367, 2201 and 2202, as well as under 15 U.S.C. § 1121.  Moreover, UPC has consented to the Court's exercise of personal jurisdiction over it by filing its action in this Court.

4.     Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

## GENERAL ALLEGATIONS

5.     Crest was founded in 1963 by Edward Cook.

6.    At all times relevant herein, Crest has manufactured, marketed and sold ultrasonics cleaning equipment.

7.    In the 1960's, Crest commenced the manufacturing, marketing and selling of ultrasonics cleaning products that utilize the Vibra-Bar transducer system. The Vibra-Bar design consists of two transducer stacks which permit simultaneous multiple frequencies within an ultrasonics cleaning system.

8.    Since the 1960's to the present, Crest has continuously identified its ultrasonics systems that utilize the Vibra-Bar transducer system with the terms "Vibra-Bar" and has included the term "simultaneous multi-frequency" in its marketing and sales materials to describe the features of those products.

9.    In 1972, Edward Cook left Crest and founded UPC.

10.    Like Crest, UPC manufactured, marketed and sold ultrasonic cleaning equipment.

11.    In addition to Edward Cook, UPC's workforce consisted of numerous employees that were formerly employed by Crest.

12.    For several years during the 1970's and 1980's, UPC operated its business in an office building located in Trenton, New Jersey.

13.    This office building was rented and partially occupied by Crest. Crest sub-leased some of its office space to UPC.

14.    Because UPC's workforce consisted of numerous employees formerly employed by Crest, including Crest's founder Edward Cook, and because UPC was a competitor of Crest that sub-leased office and manufacturing space from Crest, UPC knew or should have known that Crest had identified its ultrasonics cleaning systems that

utilize the Vibra-Bar transducer system with the terms "Vibra-Bar" and had included the term "simultaneous multi-frequency" in its marketing and sales materials to describe the features of those products since the 1960's.

15.    In fact, Edward Cook worked to develop the Vibra-Bar transducer system and its simultaneous multi-frequency features when he was employed by Crest.

16.    Nevertheless, UPC filed an application to register Vibra-Bar in 1984. A true and correct copy of the Application (Ser. No. 73/506,519) (hereinafter the "VIBRA-BAR Application") is attached hereto as Exhibit A.

17.    The VIBRA-BAR Application, which was signed by UPC's then President, Robert F. Schnoes, falsely represents to the United States Patent and Trademark Office that UPC is the owner of the mark sought to be registered, and that:

> to the best of his knowledge and belief no other person, firm, corporation or association has the right to use said mark in commerce, either in the identical form or in such near resemblance thereto as to be likely, when applied to the goods of such other person, to cause confusion, or to cause mistake or to deceive; that all statements made herein of his own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements are made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment . . . and that such willful false statements may jeopardize the validity of the application or document or any registration resulting therefrom.

(Exhibit A, Page 10.)

18.    Further, during the application process, UPC's attorney and agent, Frederick A. Zoda, who was authorized to file and prosecute the VIBRA-BAR Application, falsely represented to an Examining Attorney for the United States Patent and Trademark Office that VIBRA-BAR "has no meaning in the trade." This fact is set

forth in the United States Patent and Trademark Office's Examiner's Amendment, dated

Februrary 5, 1985. A true and correct copy of the Examiner's Report (hereinafter the

"Examiner's Amendment") is attached hereto as Exhibit B. This representation by Zoda

was inaccurate because VIBRA-BAR did have "meaning in the trade," it had a clear

meaning as to Crest and its ultrasonics cleaning systems that utilize the Vibra-Bar

transducer system.

19.     Subsequent to the VIBRA-BAR Application, UPC filed an application to

register SIMULTANEOUS-MULTI-FREQUENCY on March 18, 2004. A true and

correct copy of the Application (Ser. No. 78/386,756) (hereinafter the

"SIMULTANEOUS MULTI-FREQUENCY Application") is attached hereto as Exhibit

C.

20.     The SIMULTANEOUS MULTI-FREQUENCY Application, which was

signed by UPC's attorney, Jeffrey J. Makeever, falsely represented to the United States

Patent and Trademark Office that:

> he/she believes the applicant to be the owner of the
> trademark/service mark sought to be registered, . . . he/she
> believes applicant to be entitled to use such mark in
> commerce; to the best of his/her knowledge and belief no
> other person, firm, corporation, or association has the right
> to use the mark in commerce . . . ; and that all statements
> made of his/her own knowledge are true; and that all
> statements made on information and belief are believed to
> be true.

(Exhibit C, Page 3.) This statement is false because SIMULTANEOUS MULTI-

FREQUENCY had been associated with Crest's ultrasonics cleaning systems that

utilize the Vibra-Bar transducer system since the 1960's, and UPC knew or should have

known of Crest's prior use.

21.    In response to the SIMULTANEOUS MULTI-FREQUENCY Application, the United States Patent and Trademark Office issued an Office Action refusing to register SIMULTANEOUS MULTI-FREQUENCY on September 29, 2004, because SIMULTANEOUS MULTI-FREQUENCY is "merely descriptive under the Trademark Act." A true and correct copy of the United States Patent and Trademark Office's refusal of the SIMULTANEOUS MULTI-FREQUENCY Application (hereinafter the "Office Action Refusal") is attached hereto as Exhibit D.

22.    On March 24, 2005, in response to the Office Action Refusal, UPC's attorney, Jeffrey J. Makeever, submitted an amendment requesting that the United States Patent and Trademark Office withdraw its refusal to register, arguing that SIMULTANEOUS MULTI-FREQUENCY is not merely descriptive. A true and correct copy of the amendment (hereinafter the "Amendment to the SIMULTANEOUS MULTI-FREQUENCY Application") is attached hereto as Exhibit E. Moreover, in the Amendment to the SIMULTANEOUS MULTI-FREQUENCY Application, Makeever asserted that SIMULTANEOUS MULTI-FREQUENCY should be registered because it has acquired distinctiveness. (Exhibit E, Page 3.) Makeever's assertion that SIMULTANEOUS MULTI-FREQUENCY had acquired distinctiveness with respect to UPC's products is inaccurate given the fact that Crest had used the very same language (i.e., "simultaneous multi-frequency" in its marketing and sales materials for ultrasonics cleaning systems that utilize the Vibra-Bar transducer system long prior to UPC's trademark application.

23.    Further, in response to the SIMULTANEOUS MULTI-FREQUENCY Application, the United States Patent and Trademark Office, on October 1, 2004, issued

an Office Action demanding that UPC submit either an affidavit or a declaration

verifying the dates of first use of SIMULTANEOUS MULTI-FREQUENCY by UPC in

commerce. A true and correct copy of the United States Patent and Trademark Office's

Office Action demanding verification (hereinafter the "Office Action Demanding

Verification") is attached hereto as Exhibit F.

     24.     On March 23, 2005, in response to the Office Action Demanding

Verification, Steven R. Klinger, the President of UPC, submitted a declaration stating

that:

> Ultrasonic Power Corporation has been using the mark
> SIMULTANEOUS     MULTI-FREQUENCY     through
> substantially exclusive and continuous use in commerce on
> or in connection with Ultrasonic Cleaning Systems since
> October 15, 1982, more than five (5) years from the date of
> this declaration.   Accordingly, the mark has become
> distinctive of [UPC's] ultrasonic cleaning systems.
>
> . . . .
>
> I declare further that all statements made herein of my own
> knowledge are true; that all statements made herein on
> information and belief are believed to be true; and further
> that these statements were made with the knowledge that
> willful false statements and the like are punishable by fine
> or imprisonment . . . .

See Exhibit E, pp. 5-6. Klinger's assertion that SIMULTANOUS MULTI-

FREQUENCY had acquired distinctiveness with respect to UPC's ultrasonic cleaning

systems is false because Crest had used the very same language (i.e., "simultaneous

multi-frequency" in its marketing and sales materials for ultrasonics cleaning systems that

utilize the Vibra-Bar transducer system long prior to UPC's trademark application long

prior to UPC's trademark application.

     25.     Finally, on August 14, 2007, SIMULTANEOUS MULTI-FREQUENCY

was registered by the United State Patent and Trademark Office.

26.    As a result of both Parties' prior dealings and business relationship, when the VIBRA-BAR and SIMULTANEOUS MULTI-FREQUENCY applications were filed, UPC and its agent(s) knew or should have known that Crest had identified its ultrasonics cleaning systems that utilize the Vibra-Bar transducer system with the terms "Vibra-Bar" and had included the term "simultaneous multi-frequency" in its marketing and sales materials to describe the features of those products.

### COUNT I
**(Cancellation of UPC's "VIBRA-BAR" Registered Trademark
Because of UPC's Fraud)**

27.    Crest hereby incorporates by reference the above paragraphs as though fully set forth herein.

28.    UPC's conduct before and representations to United States Patent and Trademark Office constitute fraud on the United States Patent and Trademark Office with respect to Registration No. 1,347,440 registered July 9, 1985, for VIBRA-BAR. As a result of Plaintiff perpetrating this fraud on the United States Patent and Trademark Office, the Registration No. 1,347,440, registered July 9, 1985 for VIBRA-BAR, should be canceled under 15 U.S.C. § 1064(3). Further, pursuant to 15 U.S.C. § 1119, this Court should certify to the Director of the United States Patent and Trademark Office that Registration No. 1,347,440, registered July 9, 1985 for VIBRA-BAR, be permanently removed from the records of the United States Patent and Trademark Office.

## COUNT II
**(Cancellation of UPC's "SIMULTANEOUS MULTI-FREQUENCY"**
**Registered Trademark Because of UPC's Fraud)**

29.    Crest hereby incorporates by reference the above paragraphs as though

fully set forth herein.

30.    The aforementioned conduct alleged with particularity above constitutes

fraud on the United States Patent and Trademark Office with respect to Registration No.

3,279,300, registered August 14, 2007, for SIMULTANEOUS MULTI-FREQUENCY.

As a result of Plaintiff perpetrating this fraud on the United States Patent and Trademark

Office, the Registration No. 3,279,300, registered August 14, 2007 for

SIMULTANEOUS MULTI-FREQUENCY, should be canceled under 15 U.S.C. §

1064(3).  Further, pursuant to 15 U.S.C. § 1119, this Court should certify to the Director

of the United States Patent and Trademark Office that Registration No. 3,279,300,

registered July 9, 1985 for SIMULTANEOUS MULTI-FREQUENCY, be permanently

removed from the records of the United States Patent and Trademark Office.

## COUNT III
**(Cancellation of UPC's "SIMULTANEOUS MULTI-FREQUENCY" Registered**
**Trademark Because SIMULTANEOUS MULTI-FREQUENCY is Descriptive)**

31.    Crest hereby incorporates by reference the above paragraphs as though

fully set forth herein.

32.    With respect to Plaintiff's United States Trademark Registration No.

3,279,300, registered August 14, 2007, for SIMULTANEOUS MULTI-FREQUENCY,

said registration should be canceled pursuant to 15 U.S.C. § 1064(3) because the

registered mark is merely descriptive.  Because the registered mark is descriptive, this

Court should certify, pursuant to 15 U.S.C. § 1119, to the Director of the United States

Patent and Trademark Office, that Registration No. 3,279,300, registered August 14,

2007 for SIMULTANEOUS MULTI-FREQUENCY, be permanently removed from the records of the United States Patent and Trademark Office.

33.    Crest is further entitled to a declaration that: Plaintiff does not possess any trademark rights to which it claims rights of ownership; that "SIMULTANEOUS MULTI-FREQUENCY" is merely descriptive, incapable of acquiring trademark significance, and/or in the public domain; and that Crest has not infringed any Plaintiff trademark rights asserted by Plaintiff in its Amended Complaint.

**DEFENDANT/COUNTERCLAIM PLAINTIFF'S PRAYER FOR RELIEF**

WHEREFORE, Crest respectfully requests that the Court enter:

A.    A declaratory judgment in Crest's favor and against UPC declaring that Crest has not infringed any UPC trademark rights asserted by UPC in its Amended Complaint in this action and that the acts taken by Crest do not constitute unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); and

B.    A judgment by this Court declaring that Registration No. 1,347,440 registered July 9, 1985, for VIBRA-BAR, is canceled under 15 U.S.C. § 1064(3); and

C.    A certification by this Court, pursuant to 15 U.S.C. § 1119, to the Director of the United States Patent and Trademark Office, declaring that Registration No. 1,347,440, registered July 9, 1985 for VIBRA-BAR, be permanently removed from the records of the United States Patent and Trademark Office; and

D.    A judgment by this Court declaring that Registration No. 3,279,300 registered August 14, 2007, for SIMULTANEOUS MULTI-FREQUENCY, is canceled under 15 U.S.C. § 1064(3); and

E.     A certification by this Court, pursuant to 15 U.S.C. § 1119, to the Director

of the United States Patent and Trademark Office, declaring that Registration No.

3,279,300, registered August 14, 2007 for SIMULTANEOUS MULTI-FREQUENCY, be

permanently removed from the records of the United States Patent and Trademark Office;

and

F.     A declaratory judgment in Crest's favor and against UPC declaring that

the term SIMULTANEOUS MULTI-FREQUENCY is merely descriptive and otherwise

incapable of acquiring or possessing any trademark significance, whether under federal or

common law; and

G.     For such other and further relief as may be just and equitable.

Dated: Chicago, Illinois
       April 16, 2008

Respectfully submitted,

By: _____
    Robert M. Newbury (Bar No. 2041065)
    Jonathan S. Jennings (Bar No. 6204474)
    J. Michael Monahan, II (Bar No. 25799)
    **PATTISHALL, MCAULIFFE,**
    **NEWBURY, HILLIARD & GERALDSON**
    **LLP**
    311 S. Wacker Drive
    Suite 5000
    Chicago, IL  60606
    Tel. 312) 554-8000
    Fax. (312) 554-8015
    Attorneys for Defendant/Counterclaim Plaintiff
    Crest Ultrasonics Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF CREST ULTRASONICS CORPORATION** has been served upon counsel for Plaintiff, Ultrasonic Power Corporation, via electronic service and via First Class mail, postage prepaid, this 16th day of April, 2008, at the following addresses:

Amy L. Linder
Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C.
1000 North Water Street
Suite 2100
Milwaukee, WI 53203-3400

William H. Dietrich
Munsch Hardt Kopf & Harr, PC
3800 Lincoln Plaza
500 North Afard Street
Dallas, TX 75204