UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| ULTRASONIC POWER CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CREST ULTRASONICS CORP.,<br><br>Defendant. | CIVIL ACTION NO. 07-CV-50220<br><br>Judge Frederick J. Kapala<br><br>Magistrate Judge P. Michael Mahoney |

## DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

Pursuant to 28 U.S.C. § 1404(a), Defendant, Crest Ultrasonics Corp. ("Crest"), moves to transfer this case to the United States District Court for the District of New Jersey. As set forth more fully in its accompanying memorandum and the Declarations of Frank L. Politano and J. Michael Goodson, Crest's grounds for this motion are as follows:

1. This action arises from a relationship that developed between two companies over thirty-five years ago when both companies were originally from New Jersey. Plaintiff, Ultrasonic Power Corporation ("UPC"), now an Illinois corporation split from Crest, a New Jersey corporation, in the 1970's. For over a decade thereafter, UPC and Crest operated their respective businesses from the same building in Trenton, New Jersey. Now UPC has sued Crest for its use in marketing of terminology that Crest has used since 1960's.

2. Crest moves the Court to transfer this action because Northern District of Illinois is not the appropriate venue for a dispute over the use of the terms "Vibra-Bar" and "simultaneous multi-frequency" that arises from the relationship that Crest and UPC maintained in New Jersey in the 1970's and 1980's before UPC relocated its business operations to Illinois.

3. As Crest sets forth in its supporting memorandum, numerous material non-party witnesses still reside in New Jersey, beyond the subpoena power of this Court. Three such

288525v1

witnesses are former Crest employees, William Cane, Donnie Steaver, and Maryann Wylie, and their testimony is highly probative of the fact that Crest has continuously used the terms at issue since the 1960's. The inconvenience of material non-party witnesses residing outside this District is compounded by the fact that, to the best of Crest's knowledge, no witnesses with personal knowledge of Crest and UPC's past relationship reside in Illinois.

4. Thus, for the convenience of the parties and witnesses, the Court should transfer this action to the District of New Jersey, Trenton Vicinage.

WHEREFORE, defendant, Crest Ultrasonics Corp. requests that the Court transfer this action to the United States District Court for the District of New Jersey, in Trenton, New Jersey.

Dated: Chicago, Illinois
April 18, 2008

Respectfully submitted,

By: _____
Robert M. Newbury (Bar No. 2041065)
Jonathan S. Jennings (Bar No. 6204474)
J. Michael Monahan, II (Bar No. 25799)
PATTISHALL, MCAULIFFE,
NEWBURY, HILLIARD & GERALDSON LLP
311 S. Wacker Drive
Suite 5000
Chicago, IL 60606
Tel. 312) 554-8000
Fax. (312) 554-8015
Attorneys for Defendant/Counterclaim Plaintiff
Crest Ultrasonics Corporation

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) has been served upon counsel for Plaintiff, Ultrasonic Power Corporation, via electronic service and via First Class mail, postage prepaid, this 18th day of April, 2008, at the following addresses:

Amy L. Linder
Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C.
1000 North Water Street
Suite 2100
Milwaukee, WI 53203-3400

William H. Dietrich
Munsch Hardt Kopf & Harr, PC
3800 Lincoln Plaza
500 North Afard Street
Dallas, TX 75204

_____
J. Michael Monahan