# EXHIBIT C

Not Reported in F.Supp.2d                                                          Page 1
Not Reported in F.Supp.2d, 1999 WL 608705 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 1999 WL 608705)**

C Household Financial Services, Inc. v. Prestige
Financial Services Corp.
N.D.Ill.,1999.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois.
HOUSEHOLD FINANCIAL SERVICES, INC. and
Household Bank, f.s.b., Plaintiffs,
v.
PRESTIGE FINANCIAL SERVICES
CORPORATION, d/b/a Prestige Mortgage Services
Corp., Defendant.
No. 99 C 1756.

Aug. 6, 1999.

*MEMORANDUM OPINION AND ORDER*

GOTTSCHALL, J.
*1 Plaintiffs, Household Financial Services, Inc. and
Household Bank, bring this suit against defendant,
Prestige Financial Services Corp., seeking
declaratory and monetary relief for alleged breaches
of a loan purchase agreement. According to plaintiffs,
Prestige has wrongfully refused to repurchase three
residential mortgage loans sold in violation of certain
representations and warranties contained in the
agreement. Specifically, plaintiffs contend the
repurchase obligation has been triggered because the
appraisals for two of the loans (the "Smith loans")
were inflated and the first payment on the third loan
(the "Diaz loan") was not timely made.

Prestige has moved to transfer this action to the
United States District Court for the Southern District
of Florida pursuant to 28 U .S.C. § 1404(a). For the
following reasons, the court grants Prestige's motion
to transfer.

Transfer of venue is governed by 28 U.S.C. §
1404(a), which provides that "[f]or the convenience
of parties and witnesses, in the interest of justice, a
district court may transfer any civil action to any
other district or division where it might have been
brought."The decision to transfer is committed to the
district court's sound discretion, given the court's
responsibility to consider the statutory factors in light
of all the circumstances of the case. *Coffey v. Van*

*Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir.1986).
The movant, however, has the burden of showing that
the transferee forum is "clearly more convenient"
than this forum. *Id.* at 219-220.Accordingly, Prestige
must establish that transfer is appropriate.

The court may grant transfer if: 1) venue is proper in
both the transferor and transferee courts; 2) transfer
will be more convenient for the parties and witnesses;
and 3) transfer is in the interests of justice. *Barnes v.
Rollins Dedicated Carriage Servs., Inc.,* 976 F.Supp.
767, 768 (N.D.Ill.1997). In this case, the parties agree
that venue is proper both in the transferor and
transferee courts but disagree with respect to the
second and third prongs. In the court's view, both of
these prongs favor transfer.

In evaluating the second prong, courts normally
consider: 1) the plaintiff's choice of forum; 2) the site
of material events; 3) the availability of evidence; 4)
the convenience to the witnesses; and 5) the
convenience to the parties of litigating in the
respective fora. *Law Bulletin Publishing Co. v. LRP
Publications,* 992 F.Supp. 1014, 1017 (N.D.Ill.1998);
*see also Barnes,* 976 F.Supp. at 768. In this case, the
court concludes that the second and fourth factors,
which weigh in favor of transfer, outweigh the first
and fifth factors, which weigh against transfer; the
third factor is neutral.[FN1]

> FN1. The court finds that the third factor-
> availability of evidence-is neutral. Although
> most of the relevant documents are
> presumably located in Illinois-because
> Prestige had the obligation under the loan
> purchase agreement to **transfer** documents
> relating to the loans at issue to HFSI-to the
> extent that viewing or reappraising the
> premises may be necessary, it would be
> more **convenient** to conduct this litigation in
> the Southern District of Florida. The court
> does not consider party and **non-party
> witnesses** in assessing the availability of
> evidence factor given its consideration of
> their **convenience** in the fourth and fifth
> factors of the second prong.

Although a plaintiff's choice of forum is normally

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 608705 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 1999 WL 608705)**

entitled to deference, especially when the chosen forum is the plaintiff's home forum, in this case plaintiffs' choice of forum carries somewhat less weight, for although at least one of the plaintiffs resides in this district,[FN2] the events giving rise to their cause of action did not occur here. *Law Bulletin, 992 F.Supp. at 1017* (holding that "where the plaintiff's chosen forum is not the situs of material events, [the] plaintiff's chosen forum is entitled to less deference"); *Dunn v. Soo Line R.R., 864 F.Supp. 64, 65 (N.D.Ill.1994)* (quoting *Robinson v. Madison, 752 F.Supp. 842, 947 (N.D.Ill.1990)* in holding that a plaintiff's preference has "minimal value" when "the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum). The court will also treat the fifth factor, convenience to the parties, as weighing in plaintiffs' favor,[FN3] given that at least one of the plaintiffs, HFSI, maintains its principal place of business here in Illinois.

> FN2. Plaintiffs' complaint states that HFSI has its principal place of business in Illinois but does not specifically state where Household Bank is located. Complaint ¶¶ 1-2.

> FN3. The court notes that Prestige has argued that the dual forum selection clause should preclude *either* party from claiming that its convenience should be considered in assessing the transfer issue. Prestige's Reply at 2. Plaintiffs, however, apparently argue that although Prestige should be found to have "waived any claim to inconvenience now that HFSI has invoked that clause by filing this litigation in its home forum," the convenience factor is not neutral but rather "favors this district." Plaintiffs' Memorandum in Opposition at 5, 7.

As an initial matter, the court notes that section 1404(a)"is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness."*Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).* Thus, although a forum selection clause is "a significant factor that figures centrally in

the district court's calculus," it is not dispositive. *Id.* at 29-31.Accordingly, the fact that the forum selection clause in this case permits suit in Illinois does not preclude transfer.

As "[t]he presence of a valid forum selection clause prevents a defendant from asserting its own inconvenience as a reason supporting its motion to transfer,"*FUL Inc., v. Unified School Dist. No. 204, 839 F.Supp. 1307, 1311 (N.D.Ill.1993),* the court will not consider Prestige's convenience in its transfer analysis. Whether *plaintiffs'* convenience should be considered, however, is a more difficult question, because the forum selection clause in this case is atypical, permitting suit in either of *two* states-Florida *and* Illinois-rather than selecting one. Given the court's resolution of this motion, it will assume, for purposes of this Order, that the "convenience of the parties" factor favors plaintiffs but intimates no view as to whether plaintiffs' convenience is in fact properly considered.

**\*2** On the other side of the scale are the second and fourth factors, both of which point to Florida as the more convenient forum. All of the events giving rise to liability took place in Florida, which is where the loans were made and recorded, the allegedly inaccurate appraisals were performed, and Diaz allegedly failed timely to make his first payment. Moreover, all of the material **non-party witnesses** identified by either party-**witnesses** who would likely testify at a trial should this case proceed that far-are also located in Florida.[FN4]As the **convenience** of the **witnesses** is often viewed as the most important factor in the **transfer** balance, *see, e.g, Law Bulletin, 992 F.Supp. at 1018* (quoting *Rose v. Franchetti, 713 F.Supp. 1203, 1214 (N.D.Ill.1989)*), the court finds that the second prong **weighs** in favor of **transfer.**

> FN4. Prestige has submitted an affidavit naming **non-party witnesses** it anticipates would testify at trial, including the mortgage brokers for the two loans, Stanley Lerner and Rafael Amor; the two borrowers, Smith and Diaz; the appraiser for the Smith loans,

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 608705 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d, 1999 WL 608705)

Page 3

John Podleszak; and the two attorney-agents for the title companies involved in closing the loans. Plaintiffs, who have not identified a single non-party witness located outside of Florida, respond by arguing that Prestige has not provided sufficient information to demonstrate that the testimony of these witnesses will be material and by suggesting that such testimony will not be necessary because this case will be decided at the summary judgment stage.

As Prestige has in good faith averred that each of these witnesses has knowledge of the relevant facts, including such specifics as the accuracy of the appraisals for the Smith loans and the date of first payment on the Diaz loan, the court finds that it has provided plaintiffs with sufficient information at this time. *Vandeveld v. Christoph,* 877 F.Supp. 1160, 1168 (N.D.Ill.1995), is distinguishable because the defendant failed to demonstrate that the testimony of his Florida witnesses was relevant, and the plaintiff specifically named other non-party witnesses whose testimony would be relevant. In this case, Prestige has named witnesses whose testimony goes to the heart of plaintiffs' contentions of breach, and plaintiffs have failed to identify a single additional material non-party witness, much less one located in Illinois. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir.1989), is likewise distinguishable because the defendant in that case did not "clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included."Prestige has made these showings.

Moreover, the court rejects plaintiffs' suggestion that it should discount considerations regarding the non-party witnesses on the basis that this case will be resolved on summary judgment-and thus without a trial. Not only is the court unable at this stage to assess the merits of this case and to determine whether this case will go to trial, but deciding a

transfer motion on the basis of a hypothetical summary judgment motion is inappropriate. *See, e.g., Gold v. Scurlock,* 290 F.Supp. 926, 929 (S.D.N.Y.1968) (holding that "in deciding a motion to transfer, it is inappropriate to survey the merits of a motion for summary judgment which, in fact, has not yet been made and the merits of which have not been argued or briefed").

Finally, the court finds that the third prong-the interests of justice-favors transfer. In assessing this prong, which concerns "the efficient administration of the court system,"*Coffey,* 796 F.2d at 221, the court considers a variety of factors,[FN5] including 1) the relationship of the forum, the court, and prospective jurors with the occurrence at issue; 2) access to sources of proof; 3) the cost of attendance of willing witnesses, as well as the amenability to service of process of unwilling witnesses; 4) ensuring speedy litigation; and 5) the familiarity of the trial court with the applicable state law.[FN6]*See Dunn,* 864 F.Supp. at 66 (citing *Heller Financial, Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir.1989) and *Zalutsky, Pinski & DiGiacomo, Ltd. v. Kleinman,* 747 F.Supp. 457, 462-63 (N.D.Ill.1990)). In the court's view, only the fifth factor **weighs** against **transfer,** while the second and fourth factors are neutral [FN7] and the first and third favor **transfer.** In particular, the court finds its inability to compel the attendance of material **non-party witnesses** to be a crucial factor militating in favor of **transfer** to the Southern District of Florida.

FN5. In deciding whether **transfer** would serve the interests of justice, courts commonly draw on the factors outlined by the Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947), for assessing motions to dismiss pursuant to the doctrine of forum non conveniens. *See, e.g., Zalutsky, Pinski & DiGiacomo, Ltd. v. Kleinman,* 747 F.Supp. 457, 462-63 (N.D.Ill.1990); *Cunningham v. Cunningham,* 477 F.Supp. 632, 635 (N.D.Ill.1979).

FN6. Given the court's resolution of the **transfer** issue, it need not reach Prestige's argument that **transfer** would promote

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 608705 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 1999 WL 608705)**

judicial economy and prevent piecemeal litigation, as might occur if the court denied **transfer** and Prestige decided to bring suit against one of the persons it has identified as a material, **non-party witness**.

FN7. As explained *supra*, note 1, the court finds access to the sources of proof-documents and the properties themselves-to be a neutral factor; as many if not most of the documents are in Illinois and the properties are in Florida, these two sources of proof cancel each other out. For the sake of clarity, and to avoid redundancy, the court notes that it has not considered testimonial sources of proof in assessing this factor. Rather, the court will address testimonial sources of proof in considering the third factor-the costs of attendance of willing witnesses and the ability to procure the attendance of unwilling witnesses-in the "interests of justice" analysis.

The court also views the fourth factor-ensuring speedy litigation-as neutral, given that Prestige has pointed out that the median time to trial in civil cases is three months shorter in Florida than Illinois, with plaintiffs countering that the median time to final disposition is three months shorter in Illinois than in Florida.

The first of these factors-the relationship of the forum, the court, and prospective jurors with the event at issue-weighs slightly in favor of transfer. Although Illinois residents have an interest in enforcing contracts to which Illinois residents are party, and at least one Illinois resident, HFSI, claims to have been adversely affected by the events in issue, Florida residents have a greater interest in the outcome of this case, given that the loans were made in Florida, for Florida properties; the alleged events giving rise to liability occurred in Florida; and a Florida resident, Prestige, is the defendant in an action that will necessarily entail an assessment of the conduct of numerous other Florida residents, the material, **non-party witnesses** in this case.

The third factor-and, in this court's view, a most important one-also **weighs** in favor of **transfer**. The cost of attendance of **witnesses** within either party's

control is neutral, as one of the parties will have to incur the time and expense of securing the attendance of such **witnesses** regardless of whether this case is litigated here or in Florida. Cost of attendance for material **non-party witnesses**, however, all of whom are located in Florida, would be considerably lower were this case litigated in Florida rather than in Illinois. Moreover, to the extent any of these **witnesses** were unwilling to testify, only the Florida district court would have the ability to compel their attendance, as these **witnesses** would be outside the subpoena power of this court. *Accord Sky Valley Ltd. Partnership v. ATX Sky Valley,* 776 F.Supp. 1271, 1277 (N.D.Ill.1991) (granting motion to **transfer**, holding that "[t]he factor **weighing** most heavily in favor of **transfer** is the location of the third party **witnesses** in California," and further explaining that "[t]he interest of justice is better served by ensuring the presence of **live witness testimony** [FN8] Thus the presence of third party **witnesses** outside the subpoena power of this court is a factor which **weighs heavily** in favor of **transferring** this case").

FN8. The possibility of taking videotaped depositions does not save plaintiffs from **transfer**. **Live witness testimony** is superior to either printed or taped depositions.

* Thus, it is only the fifth factor-the familiarity of the trial court with the applicable state law-that **weighs** in plaintiffs' favor, for in this case the presiding court would have to apply Illinois law, as per the loan purchase agreement. **Weighing** all of the factors, the court finds that the "interests of justice" prong also favors **transfer**.

As the parties agree that both the transferor and transferee courts are proper venues for this action, and as the court finds that both the second and third prongs of the **transfer** test **weigh** in favor of **transferring** this action, the court finds that Prestige has met its burden of showing that the proposed transferee forum is "clearly more **convenient**" than this forum. *Accord FUL, Inc. v. Unified School Dist. No. 204,* 839 F.Supp. 1307, 1314 (N.D.Ill.1993) (granting motion to **transfer** action for breach of contract and fraud although Illinois was plaintiff's home forum and forum selection clause subjected defendant to suit in Illinois because court found that **convenience** of **non-party witnesses** and interests of

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 608705 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 1999 WL 608705)**

Page 5

justice outweighed these factors). Accordingly, this case is **transferred** to the United States District Court for the Southern District of Florida and, in accordance with the forum selection clause, specifically to the federal district court sitting in Broward County, Florida.

N.D.Ill.,1999.
Household Financial Services, Inc. v. Prestige Financial Services Corp.
Not Reported in F.Supp.2d, 1999 WL 608705 (N.D.Ill.)

END OF DOCUMENT