UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**PROPOSED CASE MANAGEMENT ORDER**

I. Pursuant to FED. R. CIV. P. 26(f), a meeting was held in 07-C-50220 on May 1, 2008, and was attended by:

   David G. Hanson and Amy L. Lindner for Plaintiff/Counter-defendant, Ultrasonic Power Corporation ("UPC").

   J. Michael Monahan, II and Mark D. Marino for Defendant/Counter-plaintiff, Crest Ultrasonics Corp. ("Crest").

II. The FED. R. CIV. P. 26(a)(1) disclosures will be exchanged by May 30, 2008.

III. Alternative Dispute Resolution Mediation. Counsel hereby certify that their clients have read the Pamphlet governing the Court's mediation program, that counsel have discussed with their respective clients the available dispute resolution options provided by the Court and private entities, and that counsel have given an estimation of the fees and costs that would be associated with the litigation of this matter, through trial, to their clients. Further, counsel have provided to their clients an estimate of the fees and expenses reasonably expected to be incurred through an early successful mediation. Counsel certify that they have discussed the available ADR options with their clients and have considered how this case might benefit from those options. Lastly, counsel for Crest certifies that it has discussed the advantages and disadvantages of making an offer of judgment under FED. R. CIV. P. 68.

   Parties request a settlement conference with Magistrate Judge Mahoney on Thursday, June 19, 2008, or at such other time as the Court and the parties find mutually acceptable.

IV. Discovery Plan. The parties jointly propose to the Court the following discovery plan:

   A) Discovery will be needed on the following subjects:

      UPC's adoption and use of VIBRA-BAR and SIMULTANEOUS MULTI-FREQUENCY.

.

       UPC's procurement of federal trademark registrations, Reg. Nos. 1,347,440 and 3,279,300

       Extent and nature of the parties' respective uses of VIBRA-BAR and SIMULTANEOUS MULTI-FREQUENCY

       The alleged likelihood of confusion regarding the parties' respective uses of VIBRA-BAR and SIMULTANEOUS MULTI-FREQUENCY.

       Damages.

B)    Maximum of 25 interrogatories by each party to any other party.

C)    Maximum of 50 requests for admission by each party to any other party.

D)    Maximum of 10 depositions by UPC and 10 by Crest.

E)    Except for corporate depositions under FED. R. CIV. P. 30(b)(6) and depositions of expert witnesses, about which the parties will confer as the need arises, each deposition shall be limited to a maximum of 6 hours unless extended by agreement of the parties.

F)    Fact discovery cut-off is set for February 1, 2009.

G)    Report from retained expert under FED. R. CIV. P 26(a)(2) for the party with the burden of proof on an issue due March 18, 2009. Deposition of those experts shall be taken by April 17, 2009. Report from rebuttal experts under FED. R. CIV. P 26(a)(2) due June 1, 2009. Deposition of rebuttal experts shall be taken by July 1, 2009. Supplementations under FED. R. CIV. P 26(e) will be scheduled by the Court at the request of the parties.

H)    All discovery shall be cut off by June 17, 2009.

I)    Time for the parties to amend pleadings and add counts or parties is hereby established as June 30, 2008.

J)    The parties suggest the next discovery conference with the Court be July 2, 2008.

All dispositive motions will be due 30 days after the cut-off date for all discovery unless otherwise ordered by the Court and the parties agree pleadings, motions and briefs may be exchanged by e-mail or other electronic means.