UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ULTRASONIC POWER CORPORATION,<br><br>              Plaintiff,<br><br>v.<br><br>CREST ULTRASONICS CORP.,<br><br>              Defendant. | CIVIL ACTION NO. 07-CV-50220<br><br>Judge Frederick J. Kapala<br><br>Magistrate Judge P. Michael Mahoney |

**MOTION TO WITHDRAW, WITHOUT PREJUDICE,
MOTION TO TRANSFER VENUE**

Defendant, Crest Ultrasonics Corp. ("Crest"), by its undersigned counsel, hereby requests the Court for leave to withdraw without prejudice its Motion to Transfer Venue (Docket No. 23) for the following reasons:

1. On April 18, 2008, Crest filed its Motion To Transfer Venue of this matter from this District to the District of New Jersey. *See* Docket No. 23.

2. Crest filed its Motion to Transfer Venue because (a) the dispute over the use of the terms "Vibra-Bar" and "simultaneous multi-frequency" arose from the relationship that Crest and plaintiff, Ultrasonic Power Corporation ("UPC"), maintained in New Jersey in the 1970's and 1980's before UPC relocated its business operations to Illinois, (b) knowledge of this relationship and of Crest's continuous use of the terms "Vibra-Bar" and "simultaneous multi-frequency" in the 1960's, 1970's and 1980's rests with numerous material witnesses residing outside this District, and (3) Crest was aware of the identity of several material non-party witnesses residing in the District of New Jersey. *See* Docket No. 23.

3. Since the filing of Crest's Motion to Transfer Venue, Crest has learned that it incorrectly identified two individuals in its motion as being "former employees" of Crest.

- 2 -

Instead, William Cane and Donald Steaver, who both worked for Crest in 1970's and 1980's, are still employed by Crest.

4. While Crest still believes that knowledge of its relationship with UPC and Crest's continuous use of the terms "Vibra-Bar" and "simultaneous multi-frequency" in the 1960's, 1970's and 1980's rests solely with witnesses residing outside this District, the existence of two current Crest employees with such knowledge materially changes the factual support for its Motion to Transfer Venue. Accordingly, Crest submits that the Court and the parties need not address this motion absent the development of additional during discovery.

5. It will serve the interests of judicial economy and efficiency for the Court to be presented with and rule on a motion to transfer venue if and when discovery affords the parties the opportunity to marshal all available facts on this issue.

6. Further, Crest has advised counsel for UPC of the forgoing and UPC is amenable to the withdrawal, without prejudice, of the pending Motion to Transfer Venue.

WHEREFORE, defendant, Crest Ultrasonics Corp., by its undersigned counsel, respectfully requests that the Court permit Crest to withdraw without prejudice its Motion to Transfer Venue (Docket No. 23).

Respectfully submitted:

Dated: May 20, 2008

PATTISHALL, McAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP

By: _____
Robert M. Newbury
Jonathan Jennings
J. Michael Monahan
311 South Wacker Drive, Suite 5000
Chicago, Illinois 60606
(312) 554-8000

and

Frank L. Politano (*pro hac vice*)
Mark D. Marino (*pro hac vice*)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS, LLP
One Newark Center
10th Floor
Newark, New Jersey 07102
(973) 848-4150

Attorneys for Defendant,
Crest Ultrasonics Corp.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the MOTION TO WITHDRAW, WITHOUT PREJUDICE, MOTION TO TRANSFER VENUE has been served upon counsel for Plaintiff, Ultrasonic Power Corporation, via electronic service and via First Class mail, postage prepaid, this 20th day of May, 2008, at the following addresses:

Amy L. Lindner
Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C.
1000 North Water Street
Suite 2100
Milwaukee, WI 53203-3400

　　　　　　　　　　　　　　　　　　　J. Michael Monahan