# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 50220 | **DATE** | 10/19/2010 |
| **CASE TITLE** | Ultrasonic Power Corp. vs. Crest Ultrasonics Corp. | | |

**DOCKET ENTRY TEXT:**

Enter omnibus order on motions in limine.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Ultrasonic Power Corporation (UPC), filed this suit against defendant Crest Ultrasonics Corporation (Crest), for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1051 et seq.; unfair trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq.; and trademark infringement under Illinois common law. On March 1, 2010, this court entered summary judgment in favor of defendants on all of UPC's claims to the extent monetary relief was sought. Those portions of the claims which seek injunctive relief remain pending. Also pending is Crest's counterclaim for cancellation of the marks. Before the court are five motions in limine.

Judges have broad discretion when ruling on motions in limine. Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir. 2002). Evidence should be excluded under an order in limine only where it is clearly inadmissible for all purposes, otherwise evidentiary rulings should be deferred until trial. Alexian Bros. Health Providers Ass'n, Inc. v. Humana Health Plan Inc., 608 F. Supp. 2d 1018, 1021 (N.D. Ill. 2009). Therefore, the party moving to exclude evidence in limine has the burden of establishing that the evidence is not admissible for any purpose. Euroholdings Capital & Inv. Corp. v. Harris Trust & Savings Bank, 602 F. Supp. 2d 928, 934 (N.D. Ill. 2009). Denial of a motion in limine seeking the exclusion of evidence does not mean the evidence will necessarily be admitted at trial but, rather, denial indicates that the court could not determine the issue in advance of trial. Id. A ruling in limine is not final and is subject to change as the case unfolds. Id. at 935.

### I. UPC'S MOTION TO PRECLUDE CREST FROM INTRODUCING EVIDENCE OF UPC'S CLAIM FOR MONETARY DAMAGES

UPC argues that any evidence or mention of its previous claims for monetary damages must be excluded under Rule 401 because it is irrelevant. UPC argues further that to the extent such evidence has any relevance to Crest's counterclaim, it should still be excluded under Rule 403 because the probative value of that evidence is outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury.

In response, Crest agues that UPC's former claims for monetary damages are relevant in two ways. First, to show that UPC acted unfairly, unconscionably, or in bad faith in bringing this lawsuit –elements Crest claims

are essential to its unclean hands defense. Specifically, Crest asserts that it intends to show that no reasonable litigant could have expected to prevail on a damages claim given the information known to UPC's President. Second, Crest argues that UPC's former claims for monetary damages are relevant to the proposed jury finding through special interrogatory as to UPC's intent in bringing this lawsuit which is meant to aid the court in determining whether this case is so weak and frivolous that it is an exceptional case entitling Crest to its attorneys fees and costs under the Lanham Act. See 15 U.S.C. § 1117(a).

To be admissible, evidence must be relevant to an issue properly before the jury. Fed. R. Evid. 401, 402. While it is true that in rare situations the defense of laches will bar an injunction in trademark cases, see J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 31:6 (4th ed. 2002), Crest can attempt to demonstrate bad faith on UPC's part without mentioning this court's previous determination that laches barred UPC's monetary damages claims. Consequently, the court finds that the fact that UPC brought monetary damages claims and the fact of this court's previous determination that the equitable doctrine of laches barred those clams is not relevant to the issue of whether UPC's equitable claims are also barred.

As for relevance based on the proposed special interrogatory, one case cited to the court mentions the use of a special jury interrogatory regarding attorney fees under the Lanham Act, Merriam-Webster, Inc. v. Random House, Inc., 815 F. Supp. 691, 703 (S.D. N.Y. 1993), rev'd on other grounds, 35 F.3d 65 (2nd Cir. 1994). However, the court in Merriam-Webster specifically notes that there was no objection to the interrogatories. Merriam-Webster, 815 F. Supp. at 703 n.15. The determination of whether a case is an exceptional one where the award of attorneys fees is authorized under § 1117(a) is a matter for the court to determine after finding the relevant facts and exercising its discretion. Door Sys., Inc. v. Pro-Line Door Sys., Inc., 126 F.3d 1028, 1031 (7th Cir. 1997). The court does not find Merriam-Webster to be sufficient authority for the special interrogatory Crest proposes. To the extent that a special interrogatory can be used to make this determination, the court declines to do so. Consequently, the fact that this court granted summary judgment for Crest on UPC's former claims for monetary damages is not relevant to the jury's answering of the proposed special interrogatory.

Because the court finds that UPC's monetary claims and the summary judgment ruling are not relevant to any issue that will be presented to the jury at trial, the court need not balance the probative value of this evidence against the danger of unfair prejudice. However, were the court to do so, it would conclude that 403 balancing results in inadmissibility of the former claims and the summary judgment order. Federal Rule of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. It is theoretically possible for laches to bar claims for prospective injunctive relief in trademark cases. See Hot Wax, Inc. v. Turtle Wax, Inc., 191 F.3d 813, 822 (7th Cir. 1999). However, Crest can present evidence in support of its laches defense without mentioning this court's summary judgment order. See Madani v. Equilon Enters., LLC, No. CV 04-10370 JVS (JTLx), 2009 WL 3789133, at *2 (C.D. Cal. July 02, 2009) ("What is precluded is reference to the dismissed claims themselves, the fact of dismissal, and the allegations of the parties asserting the dismissed claims as asserted by those parties."); Elston v. UPMC-Presbyterian Shadyside, No. 2:06-cv-329, 2008 WL 682494, at *2 (W.D. Pa. March 07, 2008) (granting plaintiff's motion in limine to preclude reference to plaintiff's dismissed claims for race discrimination based on lack of relevance and danger of unfair prejudice, confusion of issues or misleading the jury). Precluding any mention of the failed monetary claims and this court's ruling on summary judgment will eliminate the possibility that the jury will be influenced by the court's analysis, which is not necessarily applicable to the issue of whether any on-going infringement should be enjoined.

Therefore, UPC's motion in limine is granted. Crest is precluded from referencing, through evidence or by argument, the fact that UPC brought claims for monetary relief and the fact that this court granted summary judgment for Crest on those claims. However, because the infringement claims and cancellation counterclaim

are based on the same facts whether an equitable or monetary remedy is sought, the evidence that was presented to the court at the summary judgment stage, to the extent it is not otherwise inadmissible, may be presented to the jury at trial.

## II. CREST'S MOTION TO EXCLUDE EVIDENCE RELATING TO PAST HARMS SUFFERED BY UPC

Crest seeks an order precluding UPC from introducing evidence of past injury or damages that UPC may have suffered going back to 1985. Crest maintains that such evidence is irrelevant to UPC's trademark infringement claims because such evidence contributes nothing to the seven factors properly considered in determining a likelihood of confusion. Crest also maintains that clear, actual or past damage is not necessary to demonstrate a likelihood of future harm and therefore past injury or damages are not relevant to UPC's request for injunctive relief. Finally, Crest maintains that evidence of UPC's past injury or damages would be unfairly prejudicial, and will result in confusion of the issues.

In response, UPC argues that evidence of financial injury or monetary damages that it has suffered in the past is relevant to the determination of whether there is a likelihood of confusion. In addition, UPC agrees that evidence of past harms is not necessary to obtain injunctive relief, but argues that it is highly probative.

The seven factors used to determine whether consumers are likely to be confused by the concurrent use of allegedly infringing trademarks are: "(1) the similarity between the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree and care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) any actual confusion; and (7) the intent of the defendant to "palm off" his product as that of another." AutoZone, Inc. v. Strick, 543 F.3d 923, 929 (7th Cir. 2008). UPC contends that evidence of any actual confusion can only be from the past. The court agrees but fails to see why financial harm resulting from the actual confusion is relevant. The court also agrees that the cases holding that evidence of financial harm is not necessary to enjoin infringement also do not prohibit such evidence where relevant. See e.g. Web Printing Controls Co., Inc. v. Oxy-Dry Corp., 906 F.2d 1202, 1204 (7th Cir. 1990). The problem is UPC suggests no relevant purpose for demonstrating its financial harm.

For these reasons, Crest's first motion in limine is granted. UPC is precluded form presenting any evidence of its alleged past monetary injuries or damages arising from Crest's purported trademark infringement. This order, however, does not preclude evidence of events or practices of the past such as past use of the marks and other evidence relevant to the issues before the court.

## III. CREST'S MOTION TO EXCLUDE NEW DOCUMENTARY EVIDENCE RELEVANT TO LIKELIHOOD OF CONFUSION

Crest's second motion in limine seeks an order barring UPC from offering any new documentary evidence relevant to the likelihood of confusion analysis that was not produced during discovery. In response, UPC has agreed that it will not attempt to introduce any document sought in discovery that was not produced in discovery. Consequently, Crest's second motion in limine is denied as moot.

## IV. CREST'S MOTION TO PRECLUDE TESTIMONY REGARDING LICENSES OR ENFORCEMENT ACTIONS

In its third motion in limine, Crest seeks an order precluding UPC President Schnoes (or anyone else) from testifying about a purported licensing agreement between UPC and its customer Japan Field; any other written agreements to license the marks at issue; the cease and desist letter purportedly sent by UPC to an infringer 10 years ago; or any other written enforcement actions. The impetus of this motion is Mr. Schonoes' deposition testimony concerning the Japan Field licensing agreement and a cease and desist letter sent out ten years ago. Crest maintains that UPC never produced the agreement or the letter and therefore testimonial

| STATEMENT |
|---|

evidence concerning this agreement and letter is precluded by the best evidence rule. In response, UPC argues that such testimony proves the existence of a writing, as opposed to its contents, and is therefore not precluded under the best evidence rule.

Rule 1002 provides: "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." Fed. R. Evid. 1002. Evidence of the existence of an agreement or letter without detailed reference to its contents can be admitted without running afoul of Rule 1002. See <u>FM Indus., Inc. v. Citicorp Credit Servs, Inc.</u>, No. 07 C 1794, 2008 WL 717792, at *4 (N.D. Ill. Mar. 17, 2008) ("best evidence rule only limits evidence regarding a document's contents, not its existence."). Consequently, Crest's third motion in limine is denied.

### V. CREST'S MOTION TO EXCLUDE SPOLIATION OF EVIDENCE ARGUMENTS AND/OR JURY INSTRUCTIONS

Crest's fourth motion in limine seeks an order precluding Crest from making argument, seeking a jury instruction, and presenting evidence intimating that Crest spoliated evidence when it destroyed its pre-1987 documents. In response, UPC has agreed to forego its proposed spoliation jury instruction and will not make any spoliation argument to the jury. Consequently, Crest's fourth motion in limine is denied as moot.